COSTILOW, APPELLANT, *v.* CUNNINGHAM ET AL., APPELLEES.

(No. 4593—Decided March 28, 1956.)

*Mr. A. P. Feldman* and *Mr. R. C. Norris*, for appellant.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress*, for appellee Folk Chevrolet, Inc.

STEVENS, P. J.  This appeal on questions of law challenges the propriety of the judgment of the Court of Common Pleas when it sustained a demurrer to plaintiff's amended petition, and dismissed plaintiff's action after plaintiff refused to plead further.

Plaintiff's action, as shown by her amended petition, was for damages because of injuries allegedly sustained in an automobile collision.

She charged the defendants, Larry B. Cunningham, and Folk Chevrolet, Inc., a corporation, with operating the car, which she asserted caused her injuries, in the following words:

"* * * That at the same time a 1954 Chevrolet automobile * * * was being operated by the defendants in a southerly direction * * *.

"That the defendants, at said time and place, * * * then and there operated the automobile across the center lane of said Coburn Street * * *, and then and there negligently and recklessly operated the automobile in the direction of the car in which this plaintiff was a passenger * * *."

A motion, or, in the alternative, a demurrer, to the amended petition, was filed by Folk Chevrolet, Inc., the demurrer being based upon the ground of misjoinder of parties defendant.

The trial court treated the pleading as a demurrer asserting a misjoinder of parties defendant, sustained same, and, upon the refusal of plaintiff to plead further, dismissed plaintiff's action without prejudice, at plaintiff's costs.

Section 2309.08, Revised Code, provides:

"The defendant may demur to the petition *only when it appears on its face that*:

"* * *

"(E) *There is a misjoinder of parties plaintiff or defendant;*

"* * *." (Emphasis ours.)

If the amended petition of plaintiff discloses "upon its face" that plaintiff has asserted a claim against a master (Folk Chevrolet, Inc.), and also against a servant of the corporate defendant (Larry B. Cunningham), then the demurrer to that petition was properly sustained. *French, Admr.,* v. *Central Construction Co.,* 76 Ohio St., 509.

If, however, the petition does not disclose *"upon its face"* that plaintiff has joined a master and a servant as parties defendant, then the sustaining of the demurrer, on the ground of misjoinder, was erroneous, and the dismissal of plaintiff's amended petition for refusal to plead further was prejudicial error.

It will be noted, from the above quotation from the amended petition, that the defendants are charged with joint operation of the car in question.

As we read the amended petition, there nowhere appears on its face any allegation that the defendants occupied the relationship of master and servant or of principal and agent.

It is entirely conceivable that the corporate defendant, through its agent or servant, acting within the scope of his authority, could jointly operate said automobile with the defendant Cunningham.

That, in our opinion, was the intendment of the allegations of the amended petition.

We are not in accord with the argument of the corporate appellee that, "if it is conceded that a corporation can do a physical act only through an agent, and if plaintiff alleges that the corporation was doing a physical act along with Larry B. Cunningham, it follows that Larry B. Cunningham must have been the agent through which the corporation was performing such physical act."

To us, that statement presents a *non sequitur.*

The relationship of master and servant, or of principal and agent, not appearing from the allegations of the amended petition, the court may not inquire beyond the face of the petition to ascertain such relationship.

The sustaining of the demurrer on the ground of misjoinder of parties defendant was erroneous, and the dismissal of plaintiff's amended petition was prejudicially erroneous.

The judgment of the Court of Common Pleas, dismissing plaintiff's amended petition, is reversed because contrary to law, and the cause is remanded to the Court of Common Pleas, with instructions to overrule the demurrer of defendant Folk Chevrolet, Inc., to the amended petition of plaintiff.

*Judgment reversed.*

HUNSICKER and DOYLE, JJ., concur.